**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CHRISTOPHER SILVA,

        *Plaintiff,*

v.

TIM FIELDER, JIMMIE MILLER, AND
MILLER INKJET SERVICES

        *Defendant.*

Case No. 25-2638-EFM-ADM

**MEMORANDUM AND ORDER**

Pro se Plaintiff Christopher Silva brings civil rights claims against Defendants Tim Fielder, Jimmie Miller, and Miller Inkjet Services based on their alleged misconduct in a state court case[1] he filed against Miller and Miller Inkjet Services (the "Millers"). Plaintiff alleges that the Millers' and their attorney Tim Fielder's conduct in that case obstructed justice and deprived Plaintiff of his constitutional rights. Before the Court is Defendant Fielder's Motion to Dismiss for Failure to State a Claim and for Lack of Jurisdiction (Doc. 9) and the Millers' Motion to Dismiss for Lack of Jurisdiction (Doc. 12). For the reasons stated below, the Court finds that it lacks subject matter jurisdiction and grants both Fielder's and the Millers' Motions.

        **I.**        **Factual and Procedural Background**[2]

---

[1] *Chris Silva. vs. Jimmie Miller,* No. 20-0069P (Crawford County Dist. Ct. 2025).

[2] The facts in this section are taken from Plaintiff's Complaint. The Court also takes judicial notice of the case proceedings in state court. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (stating that a court may take judicial notice of its own files and records as well as facts which are a matter of public record); *see also* Fed. R. Evid. 201(b) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

**A.      The State Court Case**

On July 10, 2020, Plaintiff filed suit against the Millers in Crawford County District Court alleging defamation and tortious interference with business relationship arising from messages the Millers sent to Evolabel, Plaintiff's Swedish business partner. Fielder represented the Millers in the case.

During discovery, Plaintiff filed a "Motion to Make Court Aware of Possible Perjury in Written Interrogatories from D" and a "Motion to Show Harassment and Possible Misconduct by Defense Attorney Tim Fielder."

In his motion to make the court aware of possible perjury, Plaintiff argued that the Millers' answers to his interrogatories were false and that Fielder had reason to know the answers were false. Plaintiff attached a variety of exhibits to this motion including emails, text messages, and various court records that purportedly supported his allegations of perjury. Plaintiff concluded this motion asserting that both the Millers and Fielder engaged in malicious conduct. The Millers filed a response to the motion denying all allegations and requesting the court deny the motion.

In his motion to show harassment and possible misconduct, Plaintiff asserted that Defendants' multiple requests for production of documents were harassment because Plaintiff's former attorney had already sent the requested documents to Fielder. Plaintiff contends that these requests were an attempt by Fielder to take advantage of Plaintiff's pro se status and limited knowledge of the law. Plaintiff asked the court to end the harassment and to award attorney's fees to Plaintiff. Plaintiff also asked that Fielder be sanctioned for his harassment and exploitation of Plaintiff's pro se status. Defendants filed a response denying the allegations and requesting the motion be denied.

The state court issued an order dismissing all of Plaintiff's motions on the merits on July 10, 2023. On August 18, 2023, the Millers moved for summary judgment arguing that Plaintiff

had failed to establish the essential elements of his claims. The state court granted summary judgment to the Millers and mailed a copy of the order to Plaintiff that same day. Plaintiff did not receive the copy of the order however, so the state court remailed a copy of the order on May 8. Plaintiff, however, claims he did not receive this copy either. Plaintiff subsequently filed a motion to vacate judgment for fraud on the court. The state court denied this motion on July 17, 2025.

**B.      The Current Case**

Plaintiff filed this suit on October 31, 2025. He asserts claims under 42 U.S.C. § 1983 for denial of due process and denial of access to courts. He asserts claims under 42 U.S.C. § 1985(2) for conspiracy to obstruct justice and under §1986 for neglect to prevent conspiracy. He also asserts a claim for equitable relief for fraud on the court. Plaintiff's claims relate to Defendants' conduct during the state court case. Plaintiff alleges that Fielder, acting as counsel for the Millers, submitted discovery responses and interrogatories containing knowingly false information.  Plaintiff attaches the Millers' interrogatory responses and evidence that allegedly contradicts those responses to this Complaint. Plaintiff also claims that he was not timely notified of the dismissal of his case because the court order failed to reach him by mail. He believes this irregularity with the court processes and the mail was not accidental and contributed to the deprivation of his rights.

Plaintiff further contends that the alleged false statements on the record, combined with the irregularities with receiving mail from the court, indicate that Fielder acted in concert with others to suppress Plaintiff's evidence and obstruct access to justice. While Plaintiff does not know the identities of Defendants' alleged co-conspirators, he believes he will learn them through the course of discovery. Plaintiff seeks compensatory damages, punitive damages, and attorney's fees. He also seeks vacatur of the state court judgment and a declaratory judgment that his constitutional rights were violated.

The Millers and Fielder each move to dismiss Plaintiff's claims for lack of subject matter jurisdiction and for failure to state a claim. The Motions are fully briefed and ripe for the Court's consideration.

## II.   Legal Standard

### A.   Rule 12(b)(1) Standard

Generally, a Rule 12(b)(1) motion to dismiss takes one of two forms: a facial attack or a factual attack.[3] "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[4] In a factual attack, the moving party does not attack the sufficiency of the complaint but asserts that the Court lacks subject matter jurisdiction based on facts outside of the pleadings.[5] In that instance, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends."[6]

### B.   Standard for Construing Pro Se Complaints

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[7] A pro se litigant is entitled to a liberal construction of his pleadings.[8] If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could

---

[3] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001).

[4] *Id.* at 1002 (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990)).

[5] *Id.* at 1003.

[6] *Id.*

[7] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[8] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because [the plaintiff] appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

prevail, it should do so despite "failure to cite proper legal authority . . . confusion of various legal theories . . . or [Plaintiff's] unfamiliarity with the pleading requirements."[9] However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[10] As it relates to motions to dismiss generally, the court "accept[s] the well-pleaded allegations of the complaint as true and construe[s] them in the light most favorable to the plaintiff."[11] "Well-pleaded" allegations are those that are facially plausible such that "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]

### III.    Analysis

**A.    Subject Matter Jurisdiction**

Defendants move for dismissal for a lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction.[13] A presumption exists against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction."[14] Under the *Rooker-Feldman* doctrine, however, even when federal question, diversity, or supplemental jurisdiction might otherwise be established, federal district courts do not have jurisdiction to engage in appellate review of final state-court judgments.[15]

The *Rooker-Feldman* doctrine prevents federal courts from exercising subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court

---

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Id.*

[11] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[14] *Id.* (*citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

[15] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *see D.C. Ct. App. v. Feldman*, 460 U.S. 462, 476 (1983) (stating that the district court cannot engage in appellate review of state court judgements) (citations omitted).

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[16] The doctrine applies if "the state-court judgment *caused*, actually and proximately, the *injury* for which the federal-court plaintiff seeks *redress.*"[17] "In other words, an element of the claim must be that the state court wrongfully entered its judgment."[18] If the only redress the plaintiff seeks is an "undoing" of the prior state-court judgment, such as monetary damages that put the plaintiff back in the position he occupied before the state-court judgment, then *Rooker-Feldman* applies.[19]

### 1.    Plaintiff's §§1983, 1985, and 1986 Claims

Plaintiff alleges that Defendants violated his civil rights by denying him due process, depriving him of access to the courts, and subjecting him to a conspiracy to obstruct justice. Defendants allegedly committed these violations through various acts of misconduct, including perjury and harassment. Defendants argue that this Court lacks subject matter jurisdiction to hear these claims as Plaintiff already raised these allegations in state court, and the state court dismissed them on the merits. Defendants thus argue that this Court is barred from reviewing those allegations pursuant to the *Rooker-Feldman* doctrine.

*Rooker-Feldman* prohibits any federal review of state court judgments.[20] This prohibition extends to all state court decisions, final or otherwise, and covers claims actually decided by the state court and issues "inextricably intertwined" with such claims. Here, Plaintiff filed several motions in state court regarding Defendants' alleged misconduct, including alleged perjury,

---

[16] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[17] *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (*quoting Kenmen Eng'g v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002) (emphasis in original).

[18] *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012).

[19] *Kenmen Eng'g*, 314 F.3d at 477, *abrogated on other grounds by Exxon Mobil*, 544 U.S. at 292.

[20] *Exxon Mobil*, 544 U.S. at 284.

malicious conduct, and fraud. Plaintiff argued these motions before the District Court of Crawford County, Kansas, during a hearing on the merits, and the state court dismissed each of these motions. Plaintiff now seeks for this Court to hear these same complaints, find that the state court erred in its decisions, and compensate Plaintiff for any expenses incurred because of those errors. Plaintiff's claims for retroactive redress and an undoing of the state court judgment are precisely the kinds of claims the Court is barred from hearing. The *Rooker-Feldman* doctrine prohibits this Court from reviewing or overturning any proceedings or rulings from the state court.

Plaintiff argues that the claims he brings in this case are distinct from the judgment entered against him in the state court case. Plaintiff, however, does not differentiate between the two. He also argues that he does not seek review or reversal of the state court judgment. But, his Complaint lists a vacatur of the state court judgment as one of his requested remedies. This Court does not have the power to vacate a state court judgment.

Overall, Plaintiff's claims "rest on . . . allegation[s] concerning the state court proceedings or judgment."[21] To evaluate Plaintiff's claims that he was denied due process, deprived of access to the courts, or subjected to a conspiracy to obstruct justice, this Court would necessarily have to review the judicial proceedings of the state court case.[22] Such a review invokes *Rooker-Feldman*'s jurisdictional bar.[23] Therefore, the Court does not have subject matter jurisdiction as to Plaintiff's civil rights claims, and Defendants' Motions to Dismiss are granted as to these claims.

---

[21] *Id*. at 592 (*quoting PJ ex. rel. Jensen*, 603 F.3d at 1193).

[22] *See id.* (holding that evaluating claims that fraud led to the Kansas Court of Appeals making factual and legal errors would require the court to review appellate court proceedings and *Rooker-Feldman* barred such review).

[23] *Id.*

### 2.        *Plaintiff's Fraud on the Court Claim*

Plaintiff also asserts an equitable claim for fraud on the court. Defendants argue the Court again lacks subject matter jurisdiction to hear this claim. They argue *Rooker-Feldman* prevents federal district courts from reviewing collateral attacks on state court judgments.

"Generally, the *Rooker-Feldman* doctrine precludes lower federal courts from effectively exercising appellate jurisdiction over claims actually decided by a state court and claims inextricably intertwined with a prior state court judgment."[24] The Tenth Circuit has held that fraud on the court claims pertaining to state court cases should be reviewed and settled through the state appellate process.[25] *Rooker-Feldman* cannot be circumvented by attacks on state court judgments allegedly procured through fraud, deception, accident or mistake.[26] "State rules of procedure provide various means to attack a wrongfully obtained judgment."[27]

Plaintiff's fraud on the court claim is based on alleged misconduct that occurred during the state court case. For this Court to hear such a claim, it would have to review state court proceedings and judgments. *Rooker-Feldman* bars such a review. Plaintiff had the opportunity to appeal to the Kansas Court of Appeals, but he did not do so. He cannot now turn to this Court to effectively appeal the state court judgment. Thus, this Court does not have subject matter jurisdiction over this claim, and Defendants' Motions to Dismiss are granted.

Because the Court does not have subject matter jurisdiction, it does not need to address Defendants' Rule 12(b)(6) arguments.

---

[24] *PJ ex. rel. Jensen*, 603 F.3d at 1193.

[25]*See Collins v. CFAM Fin. Servs., LLC*, 668 F. App'x 333, 334 (10th Cir. 2016).

[26] *Farris*, 686 F. App'x at 593.

[27] *West v. Evergreen Highlands Ass'n*, 213 F. App'x 670, 674 n.3 (10th Cir. 2007).

**B.     Leave to Amend**

In his Responses to Fielder and the Millers, Plaintiff includes a one sentence request for leave to amend if the Court finds any deficiency in the pleadings. Plaintiff did not file an official motion or present an amended pleading. Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend his complaint as a matter of right within 21 days after a defendant serves a Rule 12(b) motion.[28] After such time has expired, the plaintiff may amend his pleading with the Court's leave.[29] Federal Rule of Civil Procedure 7(b)(1) requires that "[a] request for a court order must be made by motion.[30] "[A]ny request for a court order, such as a request for leave to amend, must state with particularity the grounds for the order."[31] District of Kansas Local Rule 15.1 requires that a party filing a motion for leave to amend must (1) set forth a concise statement of the amendment or leave sought and (2) attach the proposed pleading.[32]

The Tenth Circuit has long held that bare requests for leave to amend are not considered motions and do not put the issue before the district court.[33]  "A court need not grant leave to amend when a party fails to file a formal motion."[34] Plaintiff's vague single sentence request for leave to amend is not a cognizable motion. Furthermore, this bare request does not conform to Fed. R. Civ. P. 7(b)(1) or District of Kansas Local Rule 15.1. as it states no grounds for the request and no

---

[28] Fed. R. of Civ. P. 15(a)(1).

[29] *Id.*

[30] Fed. R. of Civ. P. 7(b)(1).

[31] *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021) (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999)); *accord* Fed. R. Civ. P. 7(b)(1).

[32] D. Kan. R. 15.1.

[33] *Brooks*, 985 F.3d at 1283 (citing *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 370–71 (10th Cir. 1989)).

[34] *Id*. (quoting *Calderon*, 181 F.3d at 1186).

proposed pleading was attached. The Court declines to consider Plaintiff's request for leave to amend his Complaint.

**IT IS THEREFORE ORDERED** that Tim Fielder's Motion to Dismiss (Doc. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Millers' Motion to Dismiss (Doc. 12) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 14th day of July, 2026. This case is closed.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

-10-